IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 17-cv-00949-RM-KLM

ROYAL CREST DAIRY, INC.,

   Plaintiff,

v.

CONTINENTAL WESTERN INSURANCE COMPANY, a corporation,

   Defendant.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Defendant's **Motion to Establish Protocols for Appraisal Proceeding** [#38][1] (the "Motion"). Plaintiff filed a Response [#44] in opposition to the Motion, and Defendant filed a Reply [#48]. The Court has reviewed these filings, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#38] is **DENIED**.

### I. Summary of the Case[2]

Defendant, an insurance company, issued Property Insurance Policy No. CPA-3003502-24 (the "Policy") to Plaintiff, the owner of commercial property in Denver, Colorado (the "Property"). *Am. Compl.* [#27] ¶¶ 1-3, 7. The Policy covered "direct physical loss of

---

[1] "[#38]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] The following facts are supplied in the Amended Complaint [#27].

or damage to the insured premises as a result of perils including wind and hail." *Id.* ¶ 9.

On June 24, 2015, the Property sustained damage caused by a hailstorm and Plaintiff subsequently provided notice to Defendant seeking the cost to fix the damage. *Id.* ¶¶ 11-12. Plaintiff provided Defendant a Sworn Statement in Proof of Loss estimating the damages from the hailstorm to be $1,125,861.35. *Id.* ¶ 20. Defendant investigated the claim and based on the advice of its consulting expert, issued a check for assessed damages in the amount of $76,371.37. *Id.* ¶ 21. On approximately November 8, 2016, Plaintiff invoked the appraisal provision of the Policy, which states:

> If "you" and "we" do not agree on the amount of the loss or the value of covered property, either party may demand that these amounts be determined by appraisal.
>
> If either makes a written demand for appraisal, each will select a competent, independent appraiser and notify the other of the appraiser's identity with[in] 20 days of receipt of the written demand. The two appraisers will then select a competent, impartial umpire. If the two appraisers are unable to agree upon an umpire within 15 days, "you" or "we" can ask a judge or a court of record in the state where the property is located to select an umpire.

*Id.* ¶ 31, 33. Plaintiff subsequently selected George Keys ("Mr. Keys") as its appraiser. *Id.* ¶¶ 34, 45. Defendant filed a Motion [#30] seeking to disqualify Mr. Keys, which the Court recommended denying. *See Recommendation* [#50]. The Recommendation was thereafter adopted by the District Judge. *See Order* [#52].

In the present Motion [#38], Defendant asks the Court to order that the appraisers follow proposed protocols that Defendant believes will ensure a fair and impartial appraisal process. *Motion* [#38] at 3. Plaintiff objects to the relief sought in the Motion [#38], on the basis that the proposed protocols are either redundant of existing obligations recognized by the parties or constitute an improper attempt to re-write the parties' contract. *See*

*generally Response* [#38].

## II. Analysis

"The Court applies the principles of contract interpretation when interpreting insurance policies and attempts to carry out the parties' intent and reasonable expectations when they drafted the policies." *5 Star Bank v. Am. Family Mut. Ins. Co.*, No. 11-cv-02844-CMA-MEH, 2012 WL 4378395, at *3 (D. Colo. Sept. 25, 2012) (citing *Cotter Corp. v. Am. Empire Surplus Lines Ins.*, 90 P.3d 814, 819 (Colo 2004). Thus, the Court is reluctant to impose additional appraisal protocols where the Policy makes no mention of any such protocols, particularly where Plaintiff objects to them. *See Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 613 (Colo. 1999) (stating that "[c]ourts should not rewrite insurance policy provisions that are clear and unambiguous").

Furthermore, on the overarching issue of whether the Court should impose guidelines on the appraisal process, Defendant cites to *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 129 F. Supp. 3d 1150, 1155-56 (D. Colo. 2015). In *Summit Park*, the Court stated: "Courts regularly impose guidelines . . . to govern appraisal processes in insurance contracts." *Id.* However, as recognized in another case in this district, Court-imposed appraisal protocols are warranted in circumstances where "the parties are deadlocked or otherwise incapable of engaging cooperatively in the appraisal process." *PB Prop. Holdings, LLC v. Auto-Owners Ins. Co.*, No. 16-CV-01748-WJM-STV, 2016 WL 9415215, at *4 (D. Colo. Oct. 19, 2016), *adopted by* No. 16-CV-01748-WJM-STV, Docket No. 34 (Jan. 26, 2017).

Here, the plain language of the Policy provides that the appraisal process is as follows: (1) the parties each select an appraiser; (2) the two appraisers select a competent,

impartial umpire; and (3) if the two appraisers are unable to agree on an umpire, either may request that a court with proper jurisdiction select the umpire. *See Ex. A* [#38-1] at 67. The appraisers then "determine and state separately the amount of each loss," and submit a written report. *Id.* In the event that the appraisers cannot come to an agreement, any dispute will be submitted to the umpire. *Id.* The issue that had created a "deadlock" in the appraisal process here was whether Mr. Keys should be disqualified as an appraiser. The Court's recent resolution of that issue allows the parties to continue with the appraisal process provided in the Policy. *See Order* [#52]. Thus, the Court cannot assume that the parties will be incapable of engaging cooperatively in the remainder of the appraisal process (*i.e.*, selecting an umpire, determining the amount of the loss, and submitting any disagreement to the umpire) such that further Court intervention is necessary at this point in the litigation. *See PB Prop. Holdings, LLC*, 2016 WL 9415215, at *4. Additionally, the joint selection of a competent, impartial umpire by the appraisers (with Court assistance, if required) should suffice to address Defendant's concerns regarding ensuring a fair and impartial appraisal process at this stage. *See Ex. A* [#38-2] at 67.[3]

### III. Conclusion

For the foregoing reasons,

IT IS HEREBY **ORDERED** that the Motion [#38] is **DENIED**.

IT IS FURTHER **ORDERED** that the parties shall file a Joint Status Report **within 10 days of the completion of the appraisal process** explaining what, if any, issues

---

[3] The Court notes that, regarding Defendant's request that the Court impose guidelines contained in the Colorado Insurance Bulletin B-5.26, Plaintiff stipulates in the Response [#44] that it does not have any objection to adoption of those specific procedures. *Response* [#44] at 4.

remain to be resolved in this case.

Dated:  January 16, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge